UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RANDY J. DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:13-CR-46-JRG-8 |
| ) | 2:16-CV-363-JRG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 616]. The petition relies on *Mathis v. United States*, 136 S. Ct. 2246 (2016), in which the Supreme Court expounded on the categorical approach first announced in *Taylor v. United States*, 495 U.S. 575, 599 (1990), and refined in *Descamps v. United States*, 133 S. Ct. 2276 (2013) [*Id.*; Doc. 617]. Also before the Court is Petitioner's request that counsel be appointed to assist in litigation of his collateral challenge [Doc. 617 p. 1]. For the reasons below, Petitioner's request for counsel will be **DENIED** and § 2255 motion will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

In 2014, Petitioner was convicted of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841( (b)(1)(B) [Doc. 483]. The United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*See generally* Presentence Investigation Report; Doc. 400]; this Court agreed and

sentenced Petitioner to 228 months' imprisonment followed by eight years' supervised release on June 6, 2014 [Doc. 483]. No direct appeal was taken.

Two and a half years later—on December 9, 2016—Petitioner filed the instant § 2255 motion seeking vacatur or correction of his sentence in light of the *Mathis* decision [Doc. 616; Doc. 617 (suggesting that his prior drug conviction no longer qualifies as controlled substance offense and that he no longer has sufficient predicate convictions for enhancement)].

## II.     REQUEST FOR COUNSEL

In addition to the petition, this Court is in possession of Petitioner's request for the appointment of counsel to assist in the litigation of his collateral challenge [Doc. 617 p. 1]. The appointment of counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of the type and nature of claim identified, complexity of the collateral challenge proposed and Petitioner's capability of raising the challenge without assistance, this Court is of the opinion that counsel is not necessary at this time. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Accordingly, Petitioner's motion for appointment of counsel will be **DENIED**.

## III.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through due diligence. Timeliness thus depends on whether submission complied with subsections (f)(1) and (f)(3).

### A. Timeliness under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the [direct review concludes] upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on June 20, 2014, fourteen days after the Court entered judgment on June 6, 2014. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgment becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window under subsection (f)(1) began to run on that date and expired on June 20, 2015.

Failure to file the instant petition until December 9, 2016, means that the motion is untimely under subsection (f)(1). To the extent that Petitioner relies on subsection (f)(3), this

3

Court notes that triggering the renewed window contained in that provision requires that the requested relief be based on: (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by the Supreme Court. 28 U.S.C. § 2255(f)(3). Because Petitioner has failed to demonstrate that the *Mathis* decision satisfies the first prong, the Court need not determine whether it satisfies the second. The *Mathis* decision involved application of the categorical approach first adopted by the Supreme Court in *Taylor* and refined in the *Descamps* decision to a new set of facts. *See Mathis*, 136 S. Ct. at 2281 (citing "longstanding principles" and noting that prior "cases involving the modified categorical approach [had] already made exactly [the same] point"); *Id.* at 2257 ("Our precedents make this a straightforward case. For more than [twenty-five] years, we have repeatedly made clear that application of the [Armed Career Criminal Act (ACCA)] involves, and involves only, comparing elements."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of subsection (f)(3). *See, e.g.*, *Henderson v. United States*, No. 16-00572, 2016 WL 4967898, at *2 (W.D. Mo. Sept. 16, 2016) ("[The] *Mathis* [decision] does not present a new rule or procedure."); *Leone v. United* States, No. 95-00960, 2016 WL 4479390, at *8–9 (S.D. Fla. Aug. 24, 2016) (noting that the *Mathis* decision did not articulate a "new rule" within the meaning of subsection (f)(3)). As a result, Petitioner's § 2255 motion will be deemed untimely absent tolling of the limitations period in subsection (f)(1).

### B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396,

4

401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of the petition [Doc. 616] and supporting memorandum [Doc. 617], the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit the instant collateral challenge within the window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness).

## IV.   CONCLUSION

For the reasons discussed, Petitioner's request for counsel [Doc. 617 p. 1] will be **DENIED** and the § 2255 motion [Doc. 616] will be **DENIED** as untimely and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
