UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RANDY J. DAVIS,                           )
                                          )
            Petitioner,                   )
                                          )
v.                                        )        No. 2:13-CR-00046-8-JRG
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Respondent.                   )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration Pursuant to

Rule 59(e) and Request to Amend Order [Doc. 620]. For the reasons herein, the Court will deny

the motion.


## I.    BACKGROUND

The Court denied Petitioner Randy J. Davis' Motion to Vacate, Set Aside or Correct His

Sentence under 28 U.S.C. § 2255 [Doc. 616] and dismissed this case with prejudice after

determining that his motion was untimely under 28 U.S.C. § 2255(f)(1), (3). [Mem. Op., Doc.

618, at 2–5]. Specifically, Mr. Davis' motion was untimely under § 2251(f)(1) because he did

not file it within a year of the date on which the Court's criminal judgment became final. [*Id.* at

3]. In addition, the Court determined that § 2251(f)(3)[1] could not save his claims because the

Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which Mr. Davis

relied on in his motion, did not create a newly recognized constitutional right entitling him to

postconviction relief. [*Id.* at 3–4]. The Court therefore concluded that his motion, which also

---

[1] Section 2255(f)(3) states that a prisoner may file a § 2255 motion beyond the one-year statute of limitations
if he asserts a right to postconviction relief that "has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review."

lacked any basis for equitable tolling, required dismissal under § 2255(f)'s statute of limitations. [*Id.* at 3–6]. Under Federal Rule of Civil Procedure 59(e), Mr. Davis now moves the Court to reconsider its decision as it pertains to § 2251(f)(3).

## II. LEGAL STANDARD

Rule 59(e) states that a party may file a motion to alter or amend a judgment within twenty-eight days of its entry, and it permits a court to alter a judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quotation omitted). A motion under Rule 59(e), however, "run[s] contrary" to notions of "finality and repose," and it is therefore "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007). A district court has "considerable discretion" in deciding whether to grant a motion under Rule 59(e). *Leisure Caviar*, 616 F.3d at 615 (citation omitted).

## III. ANALYSIS

Mr. Davis maintains that the Court committed a clear error by deciding that *Mathis* does not stand for a newly recognized constitutional right, but case law in this circuit clearly belies his argument. *See Williams v. United States*, No. 17-5695, 2018 WL 3089199, at *2 (6th Cir. Jan. 11, 2018) ("[Petitioner] argues that his claims are timely under 28 U.S.C. § 2255(f)(3) because he purportedly relies upon a rule of constitutional law newly announced in both *Mathis* and *Descamps v. United States*[.] But neither *Mathis* nor *Descamps* announced a new, retroactively applicable rule of constitutional law." (citing *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017))); *Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1–2 (6th Cir. June 26, 2017)

(rejecting the petitioner's motion as time-barred under § 2251(f)(3) because "contrary to [the petitioner's] arguments, the holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review" (citing *Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016))); *Scott v. United States*, No. 2:17-CV-96, No. 2:10-CR-57, 2019 WL 5397384, at *4 (E.D. Tenn. Oct. 22, 2019) ("Because the Sixth Circuit has stated explicitly that 'the holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review,' Petitioner cannot claim the benefit of those two cases to avoid the one-year time bar in § 2251(f)(3)." (internal quotation omitted)). Mr. Davis is therefore well short of demonstrating that the Court committed a clear error of law by denying his § 2255 motion as time-barred under § 2251(f)(3).

## IV.  CONCLUSION

As the movant for reconsideration, Mr. Davis does not establish the extraordinary circumstances that are necessary to meet Rule 59(e)'s lofty burden. Mr. Davis' Motion for Reconsideration Pursuant to Rule 59(e) and Request to Amend Order [Doc. 620] is therefore **DENIED**.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE